Tanyayette Willoughby et al., Respondents, v The Mount Sinai Hospital, Appellant. [891 NYS2d 36]—

Plaintiff Willoughby was a patient at defendant hospital from January 21 to February 3, 2003. She voluntarily presented there with her husband, at which time a physician concluded that plaintiff should be an emergency admission pursuant to Mental Hygiene Law § 9.39, which provides that a person may be held for involuntary care and treatment for up to 15 days of admis-

sion. Moreover, four days after her admission, she signed a "Seventy-Two Hour Retraction Letter" in which she stated her willingness to voluntarily remain at the hospital. In a prior appeal, we affirmed the denial of plaintiffs' motion for summary judgment because an issue of fact was raised as to whether she consented to all or part of the alleged 14-day unlawful confinement (*see* 15 AD3d 264 [2005]).

Defendant has established its prima facie entitlement to judgment as a matter of law by showing that the confinement was privileged (*see* Mental Hygiene Law § 9.39; *see also Tewksbury v State of New York*, 273 AD2d 376 [2000], *lv denied* 95 NY2d 766 [2000]). The evidence, which included the testimony of the psychiatrist who treated plaintiff during her stay at the hospital, as well as the affirmation of a psychiatrist who reviewed and evaluated plaintiff's records and performed examinations of plaintiff, demonstrated that plaintiff had a qualifying "mental illness" for emergency admission under Mental Hygiene Law § 9.39, and that defendant did not depart from good and accepted medical standards in admitting and treating plaintiff.

In opposition, plaintiff failed to raise a triable issue of fact and her challenges to the admissibility of defendant's evidence are unavailing. Plaintiff did not produce an expert medical affirmation to rebut the conclusions of the aforementioned psychiatrists, nor did she show that an issue of fact existed, particularly in light of her affidavit in which she said that she "went to the hospital voluntarily," and the "Seventy-Two Hour Retraction Letter," wherein she stated her willingness to remain at the hospital. Concur—Andrias, J.P., Saxe, Sweeny, Moskowitz and Abdus-Salaam, JJ.